## JOEL BOWKER *versus* STEPHEN HOYT *et at.*

If the vendee of a specific quantity of goods sold under an entire contract, receive a part thereof, and retain it after the vendor has refused to deliver the residue, this is a severance of the entirety of the contract, and he becomes liable to the vendor for the price of such part ; but he may reduce the vendor's claim by showing that he has sustained damage by the vendor's failure to fulfil his contract.

ASSUMPSIT for 410 bushels of corn, sold and delivered on and between the 6th and 9th of May, 1835.    The writ was dated May 12th, 1835.    Trial before *Putnam* J.

The plaintiff proved the delivery of 410 bushels of corn, the price of which was 85 cents per bushel, and amounted to the sum of $348·50.

The defendants, Hoyt & Kimball, contended that there was a special contract for the sale of 1000 bushels, and that the quantity delivered was in part performance of such contract.

It appeared that the plaintiff made out a bill against the de-

fendants for 500 bushels at 85 cents per bushel, and presented it to Kimball on the 8th of May ; that Kimball examined it, and said he would show it to his partner, Hoyt, who would settle it ; that on the 11th of May, a dispute arose between the parties in regard to the contract in question, the plaintiff contending that it was for the sale of 500 bushels only, and the defendants, that it was for the sale of 1000 bushels ; that the plaintiff, at that time, offered to let the defendants have 90 bushels more than had been delivered, to make up the 500 bushels ; but that Hoyt claimed the residue of 1000 bushels, and told the plaintiff, that if he would not let him have enough to make up 1000 bushels, he would not take any more ; and that the plaintiff refused so to do. It was admitted, that the sale was to be a cash transaction ; and that the defendants had retained the corn which the plaintiff had delivered, without offering to return the same.

The plaintiff contended, that he was entitled to a verdict for the value of the corn delivered, even if he had broken his contract before the action was commenced, inasmuch as the defendants had retained the corn so delivered. The defendants contended, that the plaintiff was by law bound to perform, or offer to perform, his contract, before he was entitled to maintain an action for a part of the corn delivered, and that he should be required to deliver, or offer to deliver, the remainder of the 1000 bushels, before he could, upon the facts proved or admitted, maintain any action for what had been delivered.

The jury found, that the contract was for the sale of 1000 bushels, and returned a verdict for the defendants.

Judgment was to be rendered upon the verdict, or the verdict was to be altered to a verdict for the plaintiff for the sum of $ 348·50, according to the opinion of the Court.

*Nov. 8th.*

*Choate* and *Thorndike*, for the plaintiff, cited *Hayward* v. *Leonard*, 7 Pick. 181 ; *Smith* v. *First Congr. Meetinghouse in Lowell*, 8 Pick. 178 ; *Oxendale* v. *Wetherell*, 9 Barn. & Cressw. 386 ; *Shaw* v. *Badger*, 12 Serg. & R. 275 ; *Bragg* v. *Cole*, 6 J. B. Moore, 114 ; *Roberts* v. *Havelock*, 3 Barn. & Adolph. 404 ; *Dox* v. *Dey*, 3 Wendell, 356 ; *Hill* v. *Green*, 4 Pick. 114 ; *Champion* v. *Short*, 1 Campb. 53 ; *Shipton* v. *Casson*, 5 Barn. & Cressw. 378.

*Saltonstall*, for the defendants, cited *Stark* v. *Parker*, 2 Pick. 266 ; 2 Phill. on Evid. 83 ; *Waddington* v. *Oliver*, 5 Bos. & Pull. 61 ; *Walker* v. *Dixon*, 2 Stark. R. 281.

WILDE J. afterward drew up the opinion of the Court. It is a well established principle, that on an entire contract for the sale and delivery of a specific quantity of goods, the vendee is not bound to receive part, and though part be delivered, he is not liable to pay for the same, if he offers to accept and pay for the whole, and the vendor refuses on his part to fulfil the contract.

But if the vendee accepts the delivery of a part, and promises to pay, the vendor may recover the price of the part delivered, although he afterwards refuses to fulfil the contract, unless the vendee shall have returned the part delivered.

The case of *Oxendale* v. *Wetherell*, 9 Barn. & Cressw. 386, was assumpsit for 130 bushels of wheat sold and delivered ; and it appeared, that the plaintiff had contracted for 250 bushels of wheat to be delivered in six weeks ; and it was held, that the defendant, having retained the 130 bushels after the time for completing the contract had expired, was bound by law to pay for the same. The case of *Champion* v. *Short*, 1 Campb. 53, was decided on the same principle, where it was held, that on a joint contract for the sale and delivery of several articles of merchandise, the vendee was precluded, by the acceptance of any one article, from saying that the sale was entire, and he was held responsible for the article received. A similar decision by *Hale* C. B. is cited in a note, who held that though the·agreement in that case was entire, the several deliveries proved made several contracts. The case of *Bragg* v. *Cole*, 6 J. B. Moore, 114, was also decided on the same principle ; and the same principle is laid down in *Shaw* v. *Badger*, 12 Serg. & R. 275.

The principle established by these cases is founded on manifest justice, and is decisive of the present case. The defendants accepted the 410 bushels of corn, and promised to settle the account therefor ; and if there had been no such promise, the acceptance of the corn was a severance of the entirety of the contract, and the defendants were bound to pay for the corn delivered ; for the case finds that it was to be a cash trans-

Bowker
v.
Hoyt.

action. From this liability the defendants could not be released by the failure of the plaintiff afterwards to deliver the rest of the corn, without returning to him the corn delivered ; and, as the corn was not returned, the plaintiff may well maintain his action ; but the defendants may reduce the plaintiff's claim, by showing any damages they have received by the plaintiff's failure to fulfil his contract ; and thus substantial justice may be done, without subjecting the defendants to the necessity of bringing a cross action.

*Verdict set aside, and a new trial granted.*